UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Latira Ann Burnip, | Civil File No. |
| Plaintiff, | |
| vs. | **DEFENDANT CREDIT ACCEPTANCE CORPORATION'S NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §§ 1331, 1367, 1441, AND 1446** |
| Metro Motor Sales Inc. and Credit Acceptance Corporation, | |
| Defendants. | |

PLEASE TAKE NOTICE that Defendant Credit Acceptance Corporation ("Credit Acceptance"), by and through its undersigned counsel, hereby gives notice of the removal of this action to the United States District Court of Minnesota from Hennepin County District Court, Fourth Judicial District, State of Minnesota. In support of this Notice, and pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446, Credit Acceptance Corporation states as follows:

**I.  FACTS**

**A.  Procedural History**

1. On May 23, 2018, Latira Ann Burnip ("Plaintiff") commenced the action entitled *Latira Ann Burnip v. Metro Motor Sales Inc.*, Court File No. 27-CV-18-8724, in the Hennepin County District Court, Fourth Judicial District, State of Minnesota (the "Action"), against Defendant Metro Motor Sales Inc. ("Metro Motor") by serving the Summons and Complaint attached as **Exhibit A** on Metro Motor.

2. On June 1, 2018, Plaintiff commenced the Action against Credit Acceptance by mailing the Amended Complaint attached as **Exhibit B** to Credit Acceptance.

3. The Amended Complaint has not been filed with the Hennepin County District Court.

4. Other than the Complaint, Amended Complaint, and Summons, Plaintiff has not served Defendants with any other papers, pleadings, or orders in connection with this matter.

5. Defendant Credit Acceptance has not filed an Answer or otherwise responded to the Complaint, and—by mutual agreement of the parties—the time for Credit Acceptance to file a responsive pleading has not yet expired.

    B.    **Plaintiff's Claims**

6. In the Amended Complaint, Plaintiff asserts claims against Defendants for unlawful detainer, declaratory judgment, fraud, and "intrastate and/or interstate private securities laws violation" arising out of the purchase of Plaintiff's vehicle and an alleged repossession of that vehicle.

II.    **REMOVAL IS PROPER**

    A.    **Grounds for Removal**

7. 28 U.S.C. §1331 provides that federal district courts "shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." This Court has original jurisdiction over this action because Plaintiff alleges claims arising under federal "securities laws." Under 28 U.S.C. § 1441(a), "any

civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed . . . ."

8. Where federal question jurisdiction exists over any one of the claims in a removed action, the Court possesses federal jurisdiction over the entire action so long as the accompanying state law claims "form part of the same case or controversy." *See* 28 U.S.C. § 1367(a) ("[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."); *City of Chicago v. International College of Surgeons*, 522 U.S. 156, 165 (U.S. 1997) ("[O]nce the case was removed, the District Court had original jurisdiction over ICS' claims arising under federal law, and thus could exercise supplemental jurisdiction over the accompanying state law claims so long as those claims constitute 'other claims that … form part of the same case or controversy.'").

9. Claims are part of the same case or controversy under Article III if they arise out of "a common nucleus of operative facts." *See United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966). Plaintiff's claims against Defendants are based on a single set of factual allegations—namely, Plaintiff's purchase of a vehicle and an alleged repossession of that vehicle. "That is all the statute requires to establish supplemental jurisdiction." *See Int'l Coll. of Surgeons*, 522 U.S. at 165 (finding district court properly exercised supplemental jurisdiction where all claims derived from plaintiff's

"unsuccessful efforts to obtain demolition permits."). Accordingly, this Court has jurisdiction over Plaintiff's state law claims pursuant to 28 U.S. C. § 1367(a).

      **B.**    **Satisfaction of Procedural Requirements for Removal**

10. Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is timely filed within thirty (30) days after service of the Complaint.

11. Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal is being simultaneously served on Plaintiff and is being filed with the District Court Clerk of the Minnesota District Court for Hennepin County.

12. Defendant Metro Motor consents to removal as required for removal of actions solely under § 1441(a). A copy of Metro Motor's Consent to Removal is attached as **Exhibit C**.

13. Under 28 U.S.C. §1441(a), venue for this action is proper in this Court, which is the district and division embracing the place where the state action is pending.

### III. CONCLUSION

14. Because the Plaintiff purports to assert claims under federal "securities laws," and Plaintiff's state law claims arise out of the same case or controversy as her claims under federal "securities laws," this Court has jurisdiction over this action by virtue of 28 U.S.C. §§ 1331, 1367, 1441, and 1446.

WHEREFORE, Defendant prays that the above-captioned action now pending in Hennepin County District Court, Fourth Judicial District, State of Minnesota, be removed therefrom to this Court.

Dated:  July 2, 2018

DORSEY & WHITNEY LLP

By <u>s/ Nathan J. Ebnet</u>
   Skip Durocher (#0208966)
   durocher.skip@dorsey.com
   Nathan J. Ebnet (#0395217)
   ebnet.nathan@dorsey.com
Suite 1500, 50 South Sixth Street
Minneapolis, MN 55402-1498
Telephone:  (612) 340-2600
Facsimile:  (612) 340-2868

*Attorneys for Defendant Credit Acceptance Corporation*