UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Latira Ann Burnip,                                    Case No. 0:18-cv-01839-JRT-KMM

                    Plaintiff,

v.
                                                      ORDER

Credit Acceptance Corporation, and
Metro Motor Sales Inc.,

                    Defendants.

The Honorable Chief Judge John R. Tunheim has referred the Motion to Compel Arbitration filed by Credit Acceptance Corporation ("CAC") to the undersigned for proposed findings of fact and conclusions of law. [ECF No. 10.] The Court has reviewed the parties' submissions, including the written materials submitted by the Plaintiff, Latira Ann Burnip. The Court noted in its July 11, 2018 Briefing Schedule Order, that the motion to compel would be taken under advisement based on written submissions alone unless the Court determines a hearing is necessary. [ECF No. 11.] Ms. Burnip filed a request for a hearing on July 25, 2018. [ECF No. 15.]

Based on the record, the Court determines that an evidentiary hearing is required to resolve a factual dispute regarding the validity of the arbitration agreement that CAC seeks to enforce. Specifically, CAC has alleged that Ms. Burnip signed a Retail Installment Contract that contains an arbitration agreement. [*See* Aff. of Sharron Lewis ¶ 4, Ex. A (Retail Installment Contract), ECF No. 6-1.] In several filings, Ms. Burnip has asserted that any signatures provided by the Defendants are not hers or are forgeries. [*See* Compl. at 11 ¶ 5 ("Any signatures exhibited are not mine…."), ECF No. 1-1; Am. Compl. at 14 ¶ 5 (same), ECF No. 13; *see also* Consolidated Resp. at 3 (referring to "clever

forgeries" held by the Defendants).][1] In its own written submissions, CAC has not addressed these allegations of forgery by Ms. Burnip.

Based on the foregoing, the Court determines that an evidentiary hearing is necessary to resolve the limited factual dispute concerning whether Ms. Burnip signed the Retail Installment Contract at issue. *See Nebraska Machinery Co. v. Cargotec Solutions, LLC*, 762 F.3d 737, 743–44 (8th Cir. 2014) (vacating a district court order denying motion to compel arbitration and remanding for a bench trial on factual disputes concerning contract formation where the record on the motion revealed a material issue of fact as to the making of the contract).

Furthermore, the Court finds that Ms. Burnip, the Court, and the Defendants will benefit from participation of volunteer counsel representing Ms. Burnip at the evidentiary hearing. The hearing will likely involve the testimony and cross-examination of witnesses and possibly the introduction of documentary evidence. Lawyers admitted to practice are trained to handle these specialized tasks, while they can present a challenge for pro se litigants. An efficient, just, and inexpensive resolution of the evidentiary hearing required by this Order will be facilitated by participation of counsel on both sides. For these reasons, the Court has requested that a volunteer attorney agree to enter a limited appearance in this matter for Ms. Burnip. Such appearance would be for the discrete purpose of conducting the evidentiary hearing and volunteer counsel's participation would terminate upon conclusion of the hearing. Because the Court is aware that he has been active in pro bono representation in both state and federal court, the Court asked Mr. Scott Flaherty, an attorney with Briggs and Morgan, P.A., whether he is willing to enter the limited appearance

---

[1]     Each of these written submissions from Ms. Burnip bears either the stamp of a notary public accompanied by a verification, or a statement, under penalty of perjury, that the matters asserted therein are true and correct pursuant to 28 U.S.C. § 1746.

for Ms. Burnip that is contemplated by this Order. Mr. Flaherty indicated that he would be willing to make such a limited appearance.

Accordingly, **IT IS HEREBY ORDERED THAT**:

1. Ms. Burnip's motion requesting a hearing [ECF No. 15] is **GRANTED**;

2. The undersigned will hold an evidentiary hearing **on December 12, 2018 at 9:30 a.m.**, in Courtroom 8E at the United States Courthouse, 300 South 4th Street, Minneapolis, MN 55415.

3. At the evidentiary hearing, the parties will be permitted to present testimony and any documentary evidence concerning the limited issue of the validity of Ms. Burnip's purported signature on the Retail Installment Contract containing the arbitration clause.

4. Ms. Burnip is advised that the Court has requested the participation of volunteer counsel on her behalf for the limited purpose of the evidentiary hearing established by this Order. Ms. Burnip is advised that if she wishes to have a volunteer attorney enter such a limited appearance to assist her during the evidentiary hearing she should contact Mr. Scott Flaherty.

> Scott M. Flaherty
> Briggs and Morgan
> 80 South Eighth Street
> Minneapolis, MN 55402
> (ph) 612.977.8745

5. If Ms. Burnip and Mr. Flaherty agree that he will enter a limited appearance in this matter for Ms. Burnip for the evidentiary hearing, then they should notify the Court of this decision as soon as possible. If, however, Ms. Burnip decides that she does not want Mr. Flaherty's assistance at the evidentiary hearing, then she will still be required to appear at the hearing and conduct the proceedings in her own behalf.

Date: November 19, 2018

s/ Katherine Menendez
Katherine Menendez
United States Magistrate Judge