# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| LATIRA ANN BURNIP, | Civ. No. 18-1839 (JRT/KMM) |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION & ORDER ADOPTING REPORT AND RECOMMENDATION** |
| CREDIT ACCEPTANCE CORPORATION, and METRO MOTOR SALES, INC., | |
| Defendants. | |

Latira Ann Burnip, 4328 Cedar Avenue South, Minneapolis, MN 55415, *pro se* plaintiff.

Patrick C. Summers, **DEWITT MACKALL CROUNSE & MOORE S.C.**, 901 Marquette Avenue, Suite 2100, Minneapolis, MN 55402, for defendant Metro Motor Sales, Inc.

Nathan J. Ebnet and Vernle C. Durocher, Jr., **DORSEY & WHITNEY LLP**, 50 South Sixth Street, Suite 1500, Minneapolis, MN 55402, for defendant Credit Acceptance Corporation.

Plaintiff Latira Ann Burnip brought this action against Defendants Credit Acceptance Corporation ("CAC") and Metro Motor Sales, Inc. ("MMS") in Hennepin County District Court on May 23, 2018. (Notice of Removal ¶ 1 & Ex. A, July 2, 2018, Docket No. 1.) CAC removed the case to this Court on July 2, 2018. (*Id.* at 1.) Burnip alleges various claims related to the purchase and repossession of a 2005 Porsche Cayenne she purchased from MMS in February 2018. (Am. Compl. at 2, July 25, 2018, Docket No. 13; Aff. of Sharron Lewis ("Lewis Aff.") ¶ 4, Ex. A ("Contract"), July 9, 2018, Docket No.

6-1.) Burnip alleges that Defendants: (1) unlawfully attempted to repossess her vehicle; (2) unlawfully obtained a lien on the title of her vehicle, which they have refused to release; (3) violated private securities laws; and (4) engaged in a "common scheme and plan which involved misrepresentation through threats, duress, and coercion to mislead" her. (Am. Compl. at 2-4.) Burnip asserts that she owes nothing on the vehicle and that "[a]ny signatures exhibited [on the Contract] are not mine and any forgeries are not consensual." (*Id*. at 12-14.)

CAC moved to compel arbitration, and MMS later moved to join in that motion. (Mot. to Compel Arbitration, July 9, 2018, Docket No. 4; Mot. for Joinder, Aug. 6, 2018, Docket No. 19.) In support of the Motion, CAC submitted a Retail Installment Contract (the "Contract") showing that Burnip contracted with MMS to purchase the vehicle. (*See generally* Contract.) In exchange for credit, the Contract required Burnip to make 45 monthly payments beginning on March 9, 2018. (*Id*. at 2.) Burnip and a representative of MMS electronically signed the Contract. (*Id*. at 2-6.) The Contract contains an arbitration clause, which states that either party "may require any Dispute to be arbitrated and may do so before or after a lawsuit has been started over the Dispute." [1] (*Id.* at 6.) Burnip

---

[1] The Contract defines "Dispute" as:

> any controversy or claim between You and Us arising out of or in any way related to this Contract, including, but not limited to, any default under this Contract, the collection of amounts due under this Contract, the purchase, sale, delivery, set-up, quality of the Vehicle, advertising for the Vehicle or its financing, or any product or service included in this Contract.

(Contract at 8.) "Us" is defined as MMS, and, "without limitation, Credit Acceptance Corporation." (*Id.*)

electronically initialed her agreement with the arbitration clause. (*Id.*) She also initialed a section on the first page of the contract stating that she had read, understood, and agreed to the terms and conditions of the arbitration clause. (*Id.* at 2.)

Burnip filed a response to Defendants' notice of removal. (Pl.'s Response, July 25, 2018, Docket No. 12.) Burnip challenged the authenticity and the legal sufficiency of electronic signatures on copies of the Contract. (*Id.* at 3.) She also moved to remand the case to Hennepin County District Court, claiming removal was improper. (*Id.* at 2, 5-12.)

On January 15, 2019, United States Magistrate Judge Katherine M. Menendez issued a Report and Recommendation ("R&R") on the Motion to Compel Arbitration, Motion for Joinder, and Burnip's Response. (R. & R., Jan. 15, 2019, Docket No. 32.) The Magistrate Judge found that a valid arbitration agreement exists between the parties because the Contract contains legally recognizable electronic signatures attributable to Burnip and copies of the Contract satisfy the Best Evidence Rule. (*Id*. at 8-10.) She further found the arbitration clause contained a "clear assignment clause giving CAC all of the powers that MMS possessed to enforce the terms of the agreement and … specifically includes CAC as a party with the power to demand arbitration over any arbitrable dispute." (*Id*. at 8.) Because Burnip did not reject the arbitration clause within 30 days, the Magistrate Judge also found that the arbitration clause became "effective as of th[e] date of the Contract" under the right-to-reject clause. (*Id*.) Finally, the Magistrate Judge determined that removal to federal district court of Minnesota was proper because the basis for removal was not diversity of citizenship, but federal question jurisdiction arising out of Burnip's allegations of violations of federal securities laws. (*Id.* at 12.)

Given these findings, the Magistrate Judge recommended that the Court: (1) grant CAC's Motion to Compel Arbitration; (2) grant Metro Motor Sales, Inc.'s Motion for Joinder ; (3) deny Ms. Burnip's request for remand to Hennepin County District Court; and (4) order the parties to arbitrate the issues in this action, staying the case pending arbitration between the parties. (R. & R. at 12-13.) Burnip now objects. (Obj., Feb. 4, 2019, Docket No. 33.) Because there is a valid agreement to arbitrate, the claims fall within the scope of that agreement, and the Court has jurisdiction over this matter, the Court will overrule Burnip's objections and adopt the R&R in full.

## DISCUSSION

### I. STANDARD OF REVIEW

Upon the filing of an R&R by a magistrate judge, "a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); *accord* D. Minn. LR 72.2(b)(1). "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *accord* D. Minn. LR 72.2(b)(3). To be proper, the objections must specifically identify the portions of the R&R to which the party objects and explain the basis for the objections. *Turner v. Minnesota*, No. 16-3962, 2017 WL 5513629, at *1 (D. Minn. 2015). "Objections which are not specific but merely repeat arguments presented to and considered by a magistrate judge are not entitled to de novo review, but rather are

reviewed for clear error." *Montgomery v. Compass Airlines, LLC*, 98 F. Supp. 3d 1012, 1017 (D. Minn. 2015).

## II.   BURNIP'S OBJECTIONS

Burnip's objections are primarily factual in nature, repeating allegations concerning the validity of the contract and disputing the factual record. These objections raise no new issues. The factual record, including testimony from the evidentiary hearing, clearly supports the Magistrate Judge's conclusions that the electronic signatures were legally sufficient under Minnesota law to create a valid arbitration agreement and that Burnip's claims fall within the scope of the agreement.

Burnip also objects to the jurisdiction of this Court over this matter, again asserting that the case was improperly removed because there is no diversity of citizenship. Because Burnip alleged violations of federal securities laws, this court has original jurisdiction over the matter, making removal to federal court proper. 28 U.S.C. § 1331.

Burnip objects to the determination of federal-question jurisdiction on the grounds that a majority of her claims are local and state law claims. However, where federal question jurisdiction exists for any of the claims in a removed action, a federal court has supplemental jurisdiction over all claims in the action so long as the state claims "form part of the same case or controversy." 28 U.S.C. § 1367(a). Claims arise out of the same case or controversy under Article III if they "derive from a common nucleus of operative fact." *Myers v. Richland County*, 429 F.3d 740, 746 (8th Cir. 2005) (quoting *City of Chicago v. Int'l College of Surgeons*, 522 U.S. 156, 165 (1997)). Here, the state law claims and federal

securities claims derive from the same factual allegations—Burnip's purchase of the 2005 Porsche and its alleged repossession. Thus, the Court has supplemental jurisdiction over the state law claims.

Burnip also argues the Court's jurisdiction is improper under the Anti-Injunction Act. The Anti-Injunction Act generally bars federal courts from granting injunctions to stay proceedings in state court. 28 U.S. § 2283. Because this Court has not enjoined the state court proceedings, the Act is inapplicable and has no effect on this action.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Objections to the Magistrate Judge's Report and Recommendation [Docket No. 33] are **OVERRULED**;

2. The Report and Recommendation of the Magistrate Judge [Docket No. 32] is **ADOPTED**;

3. Defendant Credit Acceptance Corporation's Motion to Compel Arbitration and Stay Proceedings Pending Arbitration [Docket No. 4] is **GRANTED**; and

4. Defendant Metro Motor Sales, Inc.'s Motion for Joinder [Docket No. 19] is **GRANTED**.

DATED: March 11, 2019 \_\_\_\_\_s/John R. Tunheim\_\_\_\_\_
at Minneapolis, Minnesota. JOHN R. TUNHEIM
United States District Judge