**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| Latira Burnip, | Case No. 0:18-cv-1839-JRT-KMM |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Credit Acceptance Corporation, and Metro Motor Sales, Inc., | |
| Defendants. | |

On March 11, 2019, Chief Judge John R. Tunheim issued an Order granting the Defendants' motion to compel arbitration and stay proceedings pending arbitration. Order, ECF No. 36. The undersigned then issued an Order requiring defense counsel to advise the Court of the resolution of the arbitration proceedings within 14 days of that proceeding's conclusion. ECF No. 37. Nothing was filed indicating that the arbitration had concluded, and on May 5, 2020, the undersigned issued an Order requiring defense counsel to update the Court on the progress of the arbitration proceedings. ECF No. 38.

In response to the May 5th Order, counsel for Credit Acceptance Corporation ("CAC") filed a letter indicating that the Plaintiff, Latira Burnip, had not yet initiated arbitration proceedings. ECF No. 39. On May 14, 2020, the Court issued an Order requiring Ms. Burnip to show cause why this case should not be dismissed without prejudice for failure to prosecute and instructing the defendants to file a response. ECF No. 40. Ms. Burnip did not file any response to the show-cause Order by the May 28, 2020 deadline. The defendants responded to the Order on June 5, 2020, requesting that the case be dismissed for failure to prosecute. ECF No. 41.

Because Ms. Burnip failed to initiate arbitration proceedings following the District Court's Order compelling her to arbitrate her claims, the Court concludes that this case should be dismissed without prejudice pursuant to Rule 41(b) for failure to prosecute. *See Griggs v. S.G.E. Mgmt, LLC*, 905 F.3d 835 (5th Cir. 2018) (affirming dismissal without

prejudice for failure to prosecute where the plaintiff refused to arbitrate dispute for over a year after the district court compelled arbitration); *see also James v. McDonald's Corp.*, 417 F.3d 672, 681 (7th Cir. 2005) (affirming dismissal with prejudice where the plaintiff failed to initiate arbitration and disobeyed or failed to comply with other court orders).

Here, the record does not support a finding that Ms. Burnip has engaged in the kind of intentional disobedience of court orders that may justify dismissal with prejudice. *Arnold v. ADT Sec. Servs., Inc.*, 627 F.3d 716, 722 (8th Cir. 2010) ("'Despite the breadth of [Rule 41(b)'s] language … we have recognized that dismissal with prejudice is an extreme sanction that should be used only in cases of willful disobedience of a court order or where a litigant exhibits a pattern of intentional delay.'") (quoting *Hunt v. City of Minneapolis*, 203 F.3d 524, 527 (8th Cir. 2000)). Nevertheless, she has failed to prosecute her claims by declining to initiate arbitration proceedings at any time since the District Court compelled arbitration many months ago. Moreover, she has failed to respond to this Court's Order to Show Cause. Under these circumstances, dismissal without prejudice of this case is an appropriate outcome.

Accordingly, **IT IS HEREBY RECOMMENDED THAT** this case be **DISMISSED WITHOUT PREJUDICE** pursuant to Rule 41(b) for failure to prosecute.

Date: June 9, 2020

    *s/Katherine Menendez*
Katherine Menendez
United States Magistrate Judge

**NOTICE**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.
Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set for in LR 72.2(c).
**Under Advisement Date:** This Report and Recommendation will be considered under advisement 14 days from the date of its filing. If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.