UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| LATIRA ANN BURNIP, | Case No. 18-cv-1839 (JRT/KMM) |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE** |
| CREDIT ACCEPTANCE CORPORATION and METRO MOTOR SALES, INC. | |
| Defendants. | |

Latira Ann Burnip, 4402 Cedar Avenue South, Minneapolis, MN 55407, *pro se*.

Nathan J. Ebnet and Vernle C. Durocher, Jr., **DORSEY & WHITNEY LLP**, 50 South Sixth Street, Suite 1500, Minneapolis, MN 55402; and Patrick C. Summers, **DEWITT LLP**, 901 Marquette Avenue, Suite 2100, Minneapolis, MN 55402, for defendants.

Plaintiff Latira Ann Burnip brought this action against Defendants Credit Acceptance Corporation ("Credit Acceptance") and Metro Motor Sales, Inc., alleging various claims related to Burnip's purchase of a vehicle. (Compl. at 5–7, July 2, 2018, Docket No. 1-1.) Credit Acceptance removed the case to this Court. (Notice of Removal at 1, July 2, 2018, Docket No. 1.) Then, Credit Acceptance moved to compel arbitration. (Mot. to Compel, July 9, 2018, Docket No. 4.)

On January 15, 2019, the Magistrate Judge issued a Report and Recommendation ("R&R"), finding that the vehicle contract entered into by the parties contained a valid

-1-

arbitration clause and a clear assignment clause giving Credit Acceptance the power to demand arbitration over any arbitrable dispute, and that the arbitration clause was effective as of the date of the contract because Burnip had not exercised her right to reject the clause. (1st R&R at 7–8, Jan. 15, 2019, Docket No. 32.) As such, the Magistrate Judge recommended that Credit Acceptance's motion be granted, that the parties be ordered to arbitrate the issues, and that further proceedings be stayed pending the outcome of arbitration. (*Id.* at 12–13.) The Court adopted these recommendations on March 11, 2019. (Mem. Op. & Order at 6, Mar. 11, 2019, Docket No. 36.)

Over one year later, the Magistrate Judge ordered Credit Acceptance to update the Court on the status of the arbitration proceedings. (Order, May 5, 2020, Docket No. 38.) Credit Acceptance informed the Court that Burnip had yet to commence arbitration and that she had tried to initiate mediation proceedings instead. (Letter at 1, May 11, 2020, Docket No. 39.) Credit Acceptance further stated that it had informed Burnip that the parties were bound to arbitrate, not mediate, but Burnip never replied. (*Id.*) As a result, the Magistrate Judge ordered Burnip to show cause, by May 28, 2020, as to why the case should not be dismissed without prejudice for a failure to prosecute. (Order to Show Cause at 2, May 14, 2020, Docket No. 40.) The Court also ordered Credit Acceptance to indicate whether it would seek dismissal if Burnip did not respond. (*Id.*).

Burnip never responded, thus prompting Credit Acceptance to request that the case be dismissed for failure to prosecute pursuant to Federal Rule of Civil Procedure

41(b).  (Response at 3, Jun. 5, 2020, Docket No. 41.)  Rule 41(b) states that if "the plaintiff fails to prosecute or comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."  Fed. R. Civ. P. 41(b).

Finding that Burnip had failed to prosecute her claims, as she had declined to initiate arbitration proceedings for over one year and that she failed to respond to the Court's Order to Show Cause, the Magistrate Judge issued another R&R recommending dismissal.  (2d R&R at 1–2, June 9, 2020, Docket No. 42.)  Because Burnip had not engaged in the type of disobedience that warrants the extreme sanction of dismissal with prejudice, the Magistrate Judge recommended dismissal without prejudice.  (*Id.*)

On July 17, 2020, Burnip submitted a statement of case to the Court, again challenging the validity of the arbitration agreement, an argument the Court has already rejected.  (Statement of Case ¶¶ 1–4, July 17, 2020, Docket No. 43.)  Additionally, Burnip suggests that she tried to initiate arbitration.  (*Id.* ¶¶ 5–6.)  The statement of case demonstrates, however, that Burnip actually contacted a mediator, who informed Burnip that she was not an arbitrator and, as such, could not oversee arbitration proceedings.  (*Id.*, Ex. A at 2, July 17, 2020, Docket No. 43-1.)  Burnip took no further action to initiate arbitration.

As such, the Court finds that Burnip has failed to prosecute her claims, as she has not engaged in arbitration proceedings for over one year and has not shown good cause for failing to arbitrate.  The Court further finds that the extreme sanction of dismissing

the action with prejudice is not warranted. Accordingly, the Court will dismiss Burnip's case without prejudice.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that the Magistrate Judge's June 9, 2020 Report and Recommendation [Docket No. 42] is **ADOPTED** and that this case be **DISMISSED WITHOUT PREJUDICE.**

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: October 6, 2020　　　　　　　　　　　_____
at Minneapolis, Minnesota.　　　　　　　　　　　　JOHN R. TUNHEIM
　　　　　　　　　　　　　　　　　　　　　　　　Chief Judge
　　　　　　　　　　　　　　　　　　　　　United States District Court